IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,073-02






EX PARTE RODERICK DASHAD NEWTON








ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS


AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. W99-36618-I(B)


IN CRIMINAL DISTRICT COURT NO. 2


DALLAS COUNTY





 Per Curiam. Johnson, J., joins but would also remand applicant's fourth
allegation. Keller, P.J., and Keasler, J., concur. Meyers, J., dissents.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for stay
of execution.

 In February 2000, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Newton v. State, No.
AP-73,778 (Tex. Crim. App. June 12, 2002)(not designated for publication). Applicant filed
his initial post-conviction application for writ of habeas corpus in the convicting court on
December 10, 2001. This Court denied applicant relief. Ex parte Newton, No. WR-54,073-01 (Tex Crim. App. Jan. 15, 2003)(not designated for publication). Applicant's subsequent
application was filed in the trial court on July 21, 2009.

 Applicant presents four allegations in his application. In his first allegation, applicant
asserts that he is mentally retarded and his execution would violate the United States
Supreme Court's opinion in Atkins v. Virginia, 536 U.S. 304 (2002). In his second
allegation, applicant asserts that the State violated Brady v. Maryland, 373 U.S. 83 (1963),
by withholding material, exculpatory evidence from the defense. In his third allegation,
applicant makes several claims regarding his competency. And, in his fourth allegation,
applicant claims that he received ineffective assistance of counsel at the punishment phase
of his trial because his attorneys failed to conduct a reasonably competent mitigation
investigation.

 We have reviewed the application and find that allegations one and two satisfy the
requirements of Article 11.071, § 5. Accordingly, we grant applicant's motion to stay his
execution and remand the application to the trial court for a live hearing on these claims. 
Applicant's third and fourth claims do not satisfy the requirements of Article 11.071, § 5 and
are, therefore, dismissed.

 IT IS SO ORDERED THIS THE 22ND DAY OF JULY, 2009.


Do Not Publish